IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOHN WILLIE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 120-077 |
| ) | |
| ANDREW SAUL, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

John Willie Williams appeals the decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

I.   BACKGROUND

Plaintiff applied for DIB in December 9, 2016, alleging a disability onset date of October 1, 2016. Tr. ("R."), pp. 19, 90, 257-61. Plaintiff was fifty-six years old at his alleged disability onset date and was fifty-eight years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 31. Plaintiff applied for benefits based on back

problems and numbness in the right hand. R. 303. Plaintiff has a limited education and past relevant work history ("PRW") as a maintenance engineer. R. 30-31.

The Social Security Administration denied Plaintiff's application initially, R. 19, and on reconsideration, R. 39. Plaintiff requested a hearing before an ALJ, and the ALJ held a hearing on May 24, 2018. R. 40-80. The ALJ held a supplemental hearing on May 6, 2019. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from William Villa, a Vocational Expert ("VE"). Id. On May 28, 2019, the ALJ issued an unfavorable decision. R. 10-24.

Applying the sequential process required by 20 C.F.R. § 404.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since October 1, 2016, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: remote history of laminectomy at L5-S1, lumbar spondylitic change, cervical spine degenerative joint disease, and right elbow tendinitis (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.152, and 404.1526).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform medium work as defined in in 20 C.F.R. § 404.1567(c), except he can occasionally stoop and climb ladders, ropes, and scaffolds; and can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He can frequently engage in reaching in all directions, handling, fingering, feeling, and the operation of hand controls with his dominant right upper extremity. The claimant is capable of performing PRW as a maintenance engineer. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 CFR § 404.1565).

R. 24-31.

Because the ALJ determined Plaintiff could perform his PRW, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from October 1, 2016, through the date of the decision, May 28, 2019. R. 32-33. When the Appeals Council denied Plaintiff's request for review, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly develop a full and fair record, and consider a medical source opinion. See doc. no. 19 ("Pl.'s Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 20. ("Comm'r's Br.").

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.  DISCUSSION

    **A.  The ALJ Properly Evaluated the Medical Source Opinions of Dr. Peacock**

        **1.  Step Four Framework for Formulating Plaintiff's RFC**

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to

return to PRW.  20 C.F.R. § 404.920(a)(4)(iv).  RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted).  Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms."  Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012).  Limitations are divided into three categories:  (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations.  Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)).  When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence."  Phillips, 357 F.3d at 1238.

### 2.  Assigning Weight to Medical Opinions

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight.  Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986).  Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause.  Crawford, 363 F.3d at 1159; Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error."  MacGregor

v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*) ("The ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'").

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's records. Lewis, 125 F.3d at 1440; see also Phillips, 357 F.3d at 1241 (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding daily activities).

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (*per curiam*) (citing 20 C.F.R §§ 404.1527(c), 416.927(c)).

Additionally, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. § 404.1527(c)(1)-(2), (5). Under SSR 96-5p, the determination of disability regarding a

Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p, 1996 WL 374183, at *1, 2 (July 2, 1996); see also 20 C.F.R. § 404.1527(d).

### 3.     The ALJ Properly Considered the Opinion of Dr. Peacock

Plaintiff argues the ALJ improperly discredited the opinion of Dr. Peacock, who examined Plaintiff once and found Plaintiff significantly limited in his ability to work.[1] After a careful review of the record, the Court finds the ALJ properly discounted Dr. Peacock's findings as unsupported by objective medical evidence and inconsistent with the physician's own records. Because Dr. Peacock only examined Plaintiff on one occasion and was not a treating physician, his opinion is not entitled to any special deference. Beegle v. Soc. Sec. Admin., 482 F. App'x 483, 486 (11th Cir. 2012) (citing McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir.1987)).

The ALJ discredited Dr. Peacock's opinion based primarily on Dr. Peacock's own findings that Plaintiff's physical condition was normal, excepting only Plaintiff's subjective complaints of positive Tinel's signs in the right elbow and decreased sensation in the right hand.

---

[1] Dr. Peacock opined Plaintiff could frequently lift and carry up to twenty pounds; he could sit for thirty minutes at one time for a total of four hours, stand for twenty minutes at one time for a total of two hours, and walk for twenty minutes at one time for a total of one hour in an eight-hour workday; he could frequently reach, handle, finger, and feel with the bilateral upper extremities; he could occasionally push and pull with the bilateral upper extremities; he could frequently operate foot controls with both feet; he could occasionally climb stairs, ramps, ladders, and scaffolds; he could occasionally balance, stoop, kneel, and crouch; he could never crawl; he could frequently operate a motor vehicle; he could have moderate exposure to noise; and he could have occasional exposure to unprotected heights, moving mechanical parts, humidity and wetness, dust, odors, fumes, pulmonary irritants, extreme cold and heat, and vibrations. (R. 428-32).

R. 26, 422.  Indeed, Dr. Peacock found Plaintiff had full range of motion in all tested areas, normal pulses in the upper and lower extremities, normal upper and lower extremity strength, normal reflexes, normal gait and station with no assistive device, and normal grip and pinch strength bilaterally.  The ALJ was correct in finding Dr. Peacock's reliance on Plaintiff's subjective complaints was not an acceptable basis for a medical source opinion.  See R. 28; Huntley v. Soc. Sec. Admin., 683 F. App'x 830, 833 (11th Cir. 2017) (finding examining physician's recitation of claimant's limitations to be unreliable where limitations based on subjective complaints and did not include citation or analysis of medical examinations) (citing Sryock, 764 F.2d at 835).

The ALJ also cited evidence in the record that "directly refuted" Dr. Peacock's work limitations, including Dr. James L. Millen's "normal clinical findings from the March 2017 consultative examination, and limited abnormal findings by . . . the claimant's former treating orthopedist."  R. 27.  The clinical notes of the physicians who performed and reviewed the diagnostic imaging, and the notes of Plaintiff's first consultative examiner, Dr. Millen, found only moderate degenerative joint disease and a laminectomy in the lumbar spine, no evidence of disc herniation,  no abnormalities in the right shoulder, bilateral knee, and only very mild proximal ulnar hypertrophic changes in the right elbow.  R. 25, 401-406, 417-418.  The ALJ's assignment of little weight to Dr. Peacock's opinion is further buttressed by the ALJ's thorough consideration of Dr. Peacock's entire report.  The ALJ specifically recited the important findings and observations of Dr. Peacock at step four.  R. 26.

Plaintiff argues the ALJ improperly discredited Dr. Peacock based solely on the subjective nature of Plaintiff's complaints, and erroneously substituted his own opinion for Dr.

8

Peacock's opinion. However, the ALJ, in discrediting Dr. Peacock, relied on much more than the subjective nature of Plaintiff's complaints to Dr. Peacock. Indeed, as described above, the ALJ cited Dr. Peacock's own examination results as well as corroborating medical records from other providers. Furthermore, the ALJ never attempted to diagnose Plaintiff's condition himself. The ALJ merely determined portions of Dr. Peacock's medical source statement were not supported by objective evidence of record and discounted those portions of Dr. Peacock's opinion accordingly. R. 26. For all of these reasons, the Court finds ample support for the ALJ's decision to assign Dr. Peacock's opinion little weight. To find otherwise would invade the province of the ALJ by deciding the facts anew, reweighing the evidence, or substituting the Court's judgment for the ALJ's judgment. Moore, 405 F.3d at 1211; Cornelius, 936 F.2d at 1145.

### B. The ALJ Satisfied His Basic Obligation to Develop a Full and Fair Record

Plaintiff argues the ALJ unfairly discredited Dr. Peacock's opinion as failing to consider diagnostic imaging or other radiographical information despite the ALJ's failure to ensure Dr. Peacock received existing diagnostic images. See Pl.'s Br., pp. 6-7. Plaintiff argues the ALJ's failure to provide the diagnostic images to Dr. Peacock, and subsequent failure to rectify the situation before discrediting Dr. Peacock, created a lacking and unfair record.

A claimant has the burden of proving his disability and is responsible for providing evidence in support of his claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Nevertheless, "because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." Larry v. Comm'r of Soc. Sec., 506 F.

App'x 967, 969 (11th Cir. 2013) (citing Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to obtain additional information by ordering a consultative examination unless the record establishes that such an examination is necessary to enable an ALJ to render an informed decision. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1269 (11th Cir. 2007); Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999); Holladay v. Bowen, 848 F.2d 1206, 1210 (11th Cir. 1988). The regulations also provide the ALJ may order a consultative examination when warranted. See 20 C.F.R. §§ 404.1517 & 416.917. "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citation omitted).

Contrary to Plaintiff's contention, the ALJ's duty to develop a full and fair record refers to developing a full record of the case rather than a duty to ensure every individual examiner has a full record before them. See Robinson v. Astrue, 365 F. Appx. 993, 999 (11th Cir. 2010) (holding ALJ did not err by not requesting additional consultative examination or recontacting physician where ALJ had all information necessary to determine plaintiff's impairments, RFC, and ability to work); Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997) (determining ALJ satisfied duty to develop full and fair record by examining record as whole for incompleteness or inadequacies); Wilson v. Colvin, 2015 WL 5613183 at *8 (S.D. Ala. Sept. 24, 2015) (holding ALJ need not recontact physician for opinion on evidence in record but not previously before physician).

The ALJ did not make his disability determination on an inconclusive medical record.

Instead, the record contained sufficient evidence for the ALJ to make an informed decision. The record contained treatment notes from the emergency room and orthopedic clinic at University Hospital, chronicling Plaintiff's pain in his right shoulder, elbow, and arm and his degenerative joint disease of the cervical spine. R. 395-397, 400-402. The ALJ also had the medical notes and observations from two consultative examiners. R. 412-41, 421-33. While Dr. Peacock never received the diagnostic images, other treating and examining physicians reviewed the images. R. 25, 401-06, 417-18. These records support the ALJ's finding Plaintiff was able to function after the alleged onset date.

Plaintiff contends the ALJ had a unique, heightened duty to ensure Dr. Peacock received the diagnostic images because the ALJ ordered Dr. Peacock's second consultative examination due to the absence of a medical source assessment by Dr. Millen, the first consultative examiner. Doc. no. 21, p. 2. ("Pl. R. Br."). However, the absence of a medical source assessment in the first consultative examination did not render the report incomplete. See 20 C.F.R. § 404.1519n(c)(6). Additionally, the ALJ did not have an elevated duty to develop the record because Plaintiff was represented by counsel throughout the proceedings. Berding v. Colvin, No. 8:16-CV-596-T-MCR, 2016 WL 7367874, at *3 (M.D. Fla. Dec. 20, 2016). Plaintiff makes no effort to explain why neither he nor his counsel made efforts to ensure Dr. Peacock had the diagnostic images.

Nor was the ALJ required to recontact Dr. Peacock to establish a full and fair record. An ALJ need only recontact an examiner where the evidence is insufficient to make a disability decision, such as when the examiner's report is inadequate or incomplete. Shaw v. Astrue, 392 Fed. App'x 684, 688–89 (11th Cir. 2008); 20 C.F.R. § 404.1519p(b). Dr.

Peacock's report was neither inadequate nor incomplete. While the report contained information inconsistent with the record, the report did not leave the record insufficient, and the ALJ had access to and relied on other medical sources.

To the extent Plaintiff argues an evidentiary gap exists through the ALJ discrediting the only medical assessment provided, such argument also fails. The assessment of a claimant's RFC is the responsibility of the ALJ, to be based on all the relevant evidence. See 20 C.F.R §§ 404.1545(a)(1), 404.1546(c). Medical source assessments are among the evidence to be considered by the ALJ, but nothing in the regulations requires medical source statements in support of the ALJ's assessment. See SSR 96-5p.

In sum, the ALJ was not left to speculate about Plaintiff's condition, and there was sufficient information in the record for the ALJ to make an informed decision based on competent medical evidence. See Ingram, 496 F.3d at 1269 (recognizing ALJ not required to seek additional medical information so long as record contains sufficient information to make an informed decision on a claimant's application).

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 16th day of June, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA